**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

**ADOLPH WILLIAM DAVID HAYEK,**

      **Plaintiff,**

**v.**                                      **Case No: 5:16-cv-8-Oc-30PRL**

**FANNY MAE, CHASE HOME**
**FINANCE, LLC and FLAGSTARE**
**BANK, FSB**

      **Defendants.**

---

## REPORT AND RECOMMENDATION[1]

Before the court is p*ro se* Plaintiff's motion to proceed *in forma pauperis.* (Doc. 2). On January 1, 2016, this Court deferred ruling on the motion and gave Plaintiff an opportunity to amend his unsigned and deficient Complaint. (Doc. 4). After receiving an extension (Doc. 6), Plaintiff has now timely filed an Amended Complaint. (Doc. 7). However, I find that Plaintiff's Amended Complaint is also deficient and, therefore, recommend that his motion to proceed *in forma pauperis* be denied and his Amended Complaint be dismissed.

### I.    BACKGROUND

On January 6, 2016, Plaintiff filed his Complaint (Doc. 1) appearing to allege that his farm was improperly foreclosed upon due to a "non-existing mortgage." He also stated that the initial

---

[1] Within 14 days after being served with a copy of the recommended disposition, a party may file written objections to the Report and Recommendation's factual findings and legal conclusions. *See* Fed. R. Civ. P. 72(b)(3); Fed. R. Crim. P. 59(b)(2); 28 U.S.C. § 636(b)(1)(B); Local Rule 6.02. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

foreclosure proceedings were dismissed, but on November 24, 2015, state court Judge Victor J. Musleh approved a "judgment of foreclosure." (Doc. 1, p. 6).

In response to the Complaint and his motion to proceed *in forma pauperis*, the Court noted that it appeared Plaintiff was seeking to collaterally attack the state court final judgment, which is prohibited under the *Rooker-Feldman* doctrine, and that to the extent that Plaintiff was challenging a state court action that has not reached judgment or remains pending, the *Younger* abstention doctrine applies. (Doc. 4, p. 5–6). The Court also noted that Plaintiff had failed to state a claim for relief and had not signed the Complaint. Accordingly, the Court deferred ruling on Plaintiff's motion and gave him an opportunity to file an amended pleading.

Now, Plaintiff presents a two-count Amended Complaint where he alleges that he is the legal and equitable owner of real property located at 19201 SW 49th Place, Dunnellon, Florida 34432 (the "Dunnellon property"). (Doc. 7, p. 1). At issue here is the refinance mortgage of Plaintiff's principal dwelling, which—presumably—is located on the Dunnellon property. (Doc. 7, p. 5, ¶ 21). In Count I, he states that Defendants Fanny Mae, Federal National Mortgage Association, Chase Home Finance, LLC, Bank N.A., Mortgage Registration Systems, Inc., and Flagstar Bank, FSB, violated the Truth in Lending Act (TILA), 15 U.S.C. § 1601, *et seq.* (and TILA's corresponding regulation) and the Real Estate Settlement Procedures Act (RESPA), 12 U.S.C. § 2601, *et seq*.

Specifically, he alleges that "[u]pon learning of the potential for various TILA violations" he sent Defendants a "Qualified Written Request, Demand for Validation of the alleged debt" (the "QWR") and "Demand for audits of the entire account on or about December 4, 2010." (Doc. 7, p. 4, ¶ 14, Ex. A). He states that he sent another QWR, "along with a Notice of Right to Cancel," on January 4, 2011. (Doc. 7, p. 4, ¶ 14, 17, Ex. B). He further states that Defendants never

acknowledged nor responded to his QWR or his Notice of the Right to Cancel.   (Doc. 7, p. 4–5, ¶¶ 17–19).   Notably, in this Count, Plaintiff also sets forth pages of substantive law, leaving the facts buried within.   On this Count, he seeks (1) a declaratory judgment that any claims or security interests—presumably in the Dunnellon property and his principal dwelling located thereon—held by Defendants are void and extinguished under TILA, its corresponding regulations, and REPSA; and (2) the enforcement of the recession of the refinance mortgage.

Count II of the Amended Complaint is titled "Quiet Title."   However, this Count sets forth a summary of TILA and its regulations, and appears to assert that Defendants have failed to comply with TILA's requirements regarding recession.   (Doc. 7, pp. 8–10).   Plaintiff states that he "has no choice but to anticipate that Defendants intend to sell [his] property at a foreclosure sale despite the lack of a legal interest in same, leaving [him] irreparably damaged."   (Doc. 7, p. 9, ¶ 31).   On this Count, he requests (1) a declaratory judgment that Defendants have no "interest in the subject property;" and (2) an order compelling Defendants to transfer legal title of the subject property to Plaintiff.   (Doc. 7, p. 10).

## II.   LEGAL STANDARDS

An individual may be allowed to proceed *in forma pauperis* (that is, without the payment of the filing fees) if he declares in an affidavit that he "is unable to pay such fees or give security therefor."   28 U.S.C. § 1915(a)(1).   However, before a plaintiff is permitted to proceed *in forma pauperis*, the Court is obligated to review the complaint to determine whether it is frivolous, malicious, "fails to state a claim upon which relief may be granted[,]" or . . . "seeks monetary relief against a defendant who is immune from such relief."   *Id.* § 1915(e)(2).   If the complaint is deficient, the Court is required to dismiss the suit *sua sponte.   Id.*

"A lawsuit is frivolous if the plaintiff's realistic chances of ultimate success are slight." *Clark v. Ga. Pardons and Paroles Bd*., 915 F.2d 636, 639 (11th Cir. 1984) (internal citations omitted). The district court may dismiss a complaint under § 1915 on grounds of frivolousness if an affirmative defense would defeat the action. *Id*. at 640. For example, the absolute immunity of the defendant would justify the dismissal of a claim as frivolous. *Id.* at 640, n. 2. "When the defense is apparent from the fact of a complaint or the court's records, courts need not wait and see if the defense will be asserted in a defensive pleading." *Id*. "Indigence does not create a constitutional right to the expenditure of public funds and the valuable time of the courts in order to prosecute an action which is totally without merit." *Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984).

In evaluating a complaint under § 1915, a document filed *pro se* is to be liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The bare minimum a plaintiff must set forth in the complaint is found in Fed. R. Civ. P. 8, and explained further in *Iqbal* and *Twombly*. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009) *and Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). "A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While particularity is not required under Fed. R. Civ. P. 8, as it is under Fed. R. Civ. P. 9, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). The court must view the allegations of the complaint in the light most favorable to the plaintiff, consider the allegations of the complaint as true, and accept all reasonable inferences therefrom. *La Grasta v. First Union Sec., Inc.*, 358 F.3d

840, 845 (11th Cir. 2004).   In considering the sufficiency of the complaint, the court limits its "consideration to the well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed."   *Id.*

The Eleventh Circuit utilizes a two-pronged approach in its application of the holdings in *Iqbal* and *Twombly*.   First, "eliminate any allegations in the complaint that are merely legal conclusions," and then, "where there are well-pleaded factual allegations, 'assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.'"   *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 679).   In applying these principles, the Court can infer "'obvious alternative explanation[s],' which suggest lawful conduct rather than the unlawful conduct the plaintiff would ask the court to infer."   *Id.* (quoting *Iqbal*, 556 U.S. at 682).   In short, the law requires something more "than an unadorned the-defendant-unlawfully-harmed-me accusation."   *Iqbal*, 556 U.S. at 678.

Further, federal courts are courts of limited jurisdiction and therefore, have an obligation to inquire into their subject matter jurisdiction.   *See Kirkland v. Midland Mortgage Co.*, 243 F.3d 1277, 1279–80 (11th Cir. 2001).   Parties seeking to invoke the limited jurisdiction of the federal court over a cause of action must show that the underlying claim is based upon either diversity jurisdiction (controversies exceeding $75,000 between citizens of different states) or the existence of a federal question (i.e., "a civil action arising under the Constitution, laws, or treaties of the Unites States") in which a private right of action has been created or is implied by Congressional intent.   *See* 28 U.S.C. § 1331 and § 1332.

### III.   DISCUSSION

Although Plaintiff is proceeding without a lawyer, *pro se* litigants are "still required to conform to procedural rules, and the court is not required to rewrite a deficient pleading."

*Washington v. Dept. of Children and Families*, 256 F. App'x 326, 327 (11th Cir. 2007).   Upon review, the Court finds Plaintiff's amended complaint to be deficient.

As an initial matter, Plaintiff's factual narrative is not a short and plain statement of his claims, as required by Rule 8.   As set forth in this Court's previous order, under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."   (Doc. 4, p. 4).   Instead, his Amended Complaint is filled with several prolonged discussions of substantive law, with the facts buried within.   Accordingly, given Plaintiff's failure to file a pleading that complies with Rule 8, this Court recommends that his motion to proceed *in forma pauperis* be denied and that his Amended Complaint be dismissed.

Further, given the sparse facts contained in the Plaintiff's Amended Complaint, it is presently unclear whether Plaintiff complains about a state court foreclosure, as he did in the original Complaint.   As previously noted, to the extent Plaintiff seeks to collaterally attack any state court final judgment in an alleged foreclosure action, this Court lacks subject matter jurisdiction under the *Rooker-Feldman* doctrine.   (Doc. 4, p. 5).   Likewise, to the extent that Plaintiff may be challenging a state court action that has not reached judgment or remains pending, the *Younger* abstention doctrine applies.   (Doc. 4, pp. 5–6).

Moving to the merits of Plaintiff's claims, the Court must also recommend that his motion to proceed *in forma pauperis* be denied and that his Amended Complaint be dismissed, as both of Plaintiff's Counts are deficient.

In Count I, Plaintiff seeks to rescind a refinance mortgage of his principal dwelling under TILA and its corresponding regulations.   Under 15 U.S.C. § 1635(a), an obligor may rescind "any consumer credit transaction . . . in which a security interest . . . is or will be retained or acquired in any property which is used as the principal dwelling of the person to whom credit is extended."

In order to rescind under § 1635(a), the obligor must notify "the creditor, in accordance with regulations of the Bureau, of his intention" by midnight of the third business day following the later of: (1) "the consummation of the transaction," or (2) "the delivery of the information and rescission forms required under this section together with a statement containing the material disclosures required under this subchapter."   "Consummation" is defined by the applicable regulations as "the time that a consumer becomes contractually obligated on a credit transaction." 12 C.F.R. § 226.2(a)(13).   When an obligor "exercises his right to rescind under subsection (a)," § 1635(b) requires that "[w]ithin 20 days after receipt of a notice of rescission, the creditor shall return to the obligor any money or property given as earnest money, downpayment, or otherwise, and shall take any action necessary or appropriate to reflect the termination of any security interest created under the transaction."   Here, although Plaintiff states that he notified Defendants of his intent to rescind (Doc. 7, p. 4, ¶ 14), he fails to allege that he made such notification by midnight of the third business day following the later of: (1) the consummation of the transaction, or (2) the delivery of required information and rescission forms.

Further, 15 U.S.C. § 1635(f) limits an obligor's right to rescind under § 1635(a) to only "three years after the date of consummation of the transaction or upon the sale of the property, whichever occurs first."   *Bialek v. Vanguard Funding, LLC*, No. 6:10-CV-1122-ORL-31, 2010 WL 4342066, at *2 (M.D. Fla. Oct. 27, 2010) ("Section 1635(f) is a statute of repose, rather than a statute of limitation, and the right to rescind is completely extinguished at the end of the three years, even if the lender never makes the required disclosure."); *Beach v. Owen Fed. Bank*, 523 U.S. 410, 412–13 (1998).   In other words, § 1635(f) is not subject to equitable tolling and thus it bars any TILA action for recession, like this one, that is not brought "within the three-year period set forth in 15 U.S.C. 1635(f)."   *Chevy Chase Bank, F.S.B. v. Carrington*, No. 609-CV-2132-

ORL31GJK, 2010 WL 745771, at *2 (M.D. Fla. Mar. 1, 2010); *In re Smith,* 737 F.2d 1549, 1554 (11th Cir.1984); *Bialek*, 2010 WL 4342066 at *2.

Here, Plaintiff does not tell the Court what date the refinance at issue here was "consummated." Further, Plaintiff does not allege that the property at issue was ever sold, but states that he anticipates "that Defendants intend to sell [his] property." (Doc. 7, p. 9, ¶ 31). Yet, he does allege that Defendants failed to comply with § 1635(b) after he submitted to Defendants his "Notice of Right to Cancel" on January 4, 2011. (Doc. 7, pp. 4–5, ¶ 19; Ex. B). Thus, if the Court reasonably assumes that Plaintiff "consummated" the refinance of his principal dwelling before January 4, 2011 (the date he submitted his Notice of Right to Cancel and more than five years ago) and that his property was never sold, then his claim under TILA for recession is time-barred by § 1635(f).

Also in Count I, Plaintiff alleges that Defendants violated § 6 of RESPA, 12 U.S.C. § 2605, by failing to respond to his "Qualified Written Request" ("QWR"), which is dated December 4, 2010. (Doc. 7, p. 4). Under 12 U.S.C. § 2605(e)(1)–(2), when "any servicer of a federally related mortgage loan receives a QWR" from a borrower "the servicer shall provide a written response acknowledging receipt of the correspondence within 5 days" and no later than thirty days after received the QWR the servicer shall either "(A) make appropriate corrections in the account of the borrower;" "(B) after conducting an investigation, provide the borrower with a written explanation or clarification;" or "(C) after conducting an investigation, provide the borrower with a written explanation or clarification."

However, under 12 U.S.C. § 2614, any "action pursuant to . . . section 2605 . . . may be brought in the United States district court or in any other court of competent jurisdiction, for the district in which the property involved is located, or where the violation is alleged to have occurred,

within 3 years . . . from the date of the occurrence of the violation." Here, Plaintiff alleges that Defendants violated RESPA by failing to acknowledge or respond to his QWR. But, assuming that Defendants' alleged violations of § 2605 for failing to acknowledge the QWR and failing to respond to the QWR occurred within thirty days of receiving Plaintiff's QWR, which is dated December 4, 2010, these alleged violations occurred more than five years ago. Thus the claim is time-barred under § 2614.

Finally, Count II of Plaintiff's amended complaint is labeled "Quiet Title," but in this Count, Plaintiff simply recasts portions of his TILA argument and TILA's substantive law. Accordingly, this Count fails to satisfy Fed. R. Civ. P. 8 as it does not set forth a short and plain claim to quiet title. Further, his legal basis for a purported quiet title action is unstated and cannot be ascertained from the amended complaint, and the undersigned declines to speculate as to what Plaintiff intends. Accordingly, Plaintiff has failed to state a claim to quiet title.

## IV.   RECOMMENDATION

Upon due consideration, it is **RECOMMENDED** that the motion (Doc. 2) be **DENIED** and the Amended Complaint (Doc. 7) be **DISMISSED.**

**DONE** and **RECOMMENDED** in Ocala, Florida on April 13, 2016.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party

Courtroom Deputy